# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **HECTOR JIMENEZ TORRS,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:15CV00460 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN ZYCH,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Hector Jimenez Torrs, Pro Se Petitioner.*

The petitioner, Hector Jimenez Torrs, proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging prison officials' denial of his request to possess a copy of his trial transcripts to allow a friend to transcribe them from English to Spanish. Upon review of the petition, I conclude that it must be summarily dismissed without prejudice, because Torrs has no right to relief under § 2241.[1]

Torrs is currently confined at the United States Penitentiary in Lee County, Virginia ("USP Lee"). In August 2014, Torrs wrote a request for permission to have a trusted friend review the five or six volumes of transcripts of his trial and translate them from English to Spanish. Torrs advised staff that translation of

---

[1] *See* Rules 1(b) & 4, Rules Governing Section 2254 Cases (authorizing dismissal of habeas petition where it plainly appears from face of petition that petitioner is not entitled to habeas relief).

these transcripts was essential to his effort to prepare court pleadings. Officials denied Torrs' request for security reasons, stating:

> [T]here is an emerging problem where inmates pressure other inmates for a copy of their docket sheet, transcript and other documents to learn if they are informants, gang members, have financial resources, etc. Inmates who refuse to provide the documents are threatened, assaulted, and/or seek protective custody.
>
> For these reasons and to ensure the orderly running and security of this institution, the Warden has determined that inmates may not have in their possession copies of docket sheets, transcripts and other similar documents.
>
> Inmates needing these materials may have the information sent to them, but the information will be forwarded to the unit team and will be maintained in the unit team area. Inmates will be provided reasonable opportunities to access and review the documents. . . . with unit staff.

(Pet. Attach. 2, ECF No. 1.)

After exhausting administrative remedies, Torrs filed this § 2241 petition. He asks the court to direct officials to give him his trial transcript so that he can "effectively prepare [his] habeas corpus motion." (*Id.* at 4.) He also seeks monetary damages for alleged violations of his right to access the courts.

I cannot find that Torrs has any ground for the relief he seeks under § 2241. Habeas corpus petitions are generally reserved for attacks on the fact or duration of the petitioner's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Challenges to an inmate's conditions of confinement (such as the access to legal materials that the prison provides to him) fall well outside this core of habeas

corpus subject matter and must be raised, if at all, in a civil action for damages or injunctive relief under federal or state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004).[2]  Because Torrs' petition challenges only a condition of his confinement rather than the fact or duration of his confinement, I will summarily dismiss it without prejudice.

A separate Final Order will be entered herewith.

DATED: October 19, 2015

/s/ James P. Jones
United States District Judge

---

[2] For example, the Supreme Court's decision in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971), authorized a cause of action for damages against a federal officer for violations of constitutional rights. To plead a *Bivens* claim that he was denied access to the courts, however, a plaintiff must identify, with specificity, a non-frivolous legal claim that the defendants' actions prevented him from litigating. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Because Torrs fails to assert any viable habeas corpus claim for which he needs his trial transcripts translated to Spanish, I decline to construe his present submission as a *Bivens* complaint.